**Daniel MASDEN, Plaintiff—Appellant,**

**v.**

**STATE of Nevada; Sharon Murphy; Freeman Johnson, Defendants—Appellees.**

**No. 03–16604.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2004.

Decided June 1, 2004.

Jeffrey A. Dickerson, Esq., Reno, NV, for Plaintiff–Appellant.

James T. Spencer, Office of the Attorney General, Carson City, NV, for Defendants–Appellees.

Before: O'SCANNLAIN, SILER,* and HAWKINS, Circuit Judges.

---

* The Honorable Eugene E. Siler, Jr., Senior United States Court of Appeals Judge for the Sixth Circuit, sitting by designation.

## MEMORANDUM **

Neither party disputes that Daniel Masden's counsel was grossly negligent in prosecuting his claim before the district court. However, as recognized by *Community Dental Services v. Tani*, 282 F.3d 1164 (9th Cir.2002), "[a] proper finding of culpable conduct by [a party] would be sufficient to justify the district court's refusal to grant a Rule 60(b) motion" despite such gross negligence. 282 F.3d at 1172.

Both when it initially dismissed Masden's case and when it denied his Rule 60(b) motion, the district court felt compelled to "mention [Masden's] behavior," to "imply ... that [it] was considering [Masden] or his conduct as a factor" and to "suggest that [the dismissal was] motivated in ... part by a desire to sanction [Masden]." *Id.* The district court acted within its discretion in doing so, for Masden played an active role in the prosecution of the case and was specifically sanctioned, along with his lawyer, several times. And Masden cannot claim that he was unaware of the poor progress of his case in the year and a half before it was dismissed. He assured the district court judge that he would expedite the prosecution of his case after missing an early deadline, he paid in at least some of the monetary fines arising from his sanctions, and he received and ignored an order to appear personally at a hearing that preceded the default judgment. The denial of Masden's subsequent motion to reopen his case falls squarely within the district

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

court's discretion under *Tani*, and the judgment is

AFFIRMED.